UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA SINGH,
    Plaintiff,

v.

TRANS UNION, LLC,
a foreign limited liability company,
EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation, and
TRANSWORLD SYSTEMS, INC.,
a foreign profit corporation.
    Defendants.
_____/

Case No. 5:17-cv-13330
Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## FIRST AMENDED COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, RHONDA SINGH, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for her Complaint against the Defendants, plead as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a natural person that resides in Southgate, Wayne County, Michigan.

6. The Defendants to this lawsuit are:

    a. Trans Union, LLC ("Trans Union") is a foreign limited liability company that maintains a registered agent in Ingham County, Michigan;

    b. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation that maintains a registered agent in Wayne County, Michigan; and

    c. Transworld Systems, Inc. ("Transworld") is a foreign profit corporation that maintains a registered agent in Wayne County, Michigan.

## GENERAL ALLEGATIONS

7. Transworld Systems is reporting a trade line on Mrs. Singh's Trans Union and Experian credit reports ("Bogus Trade Line").

8. The Auto Club Group account, which is the subject of the Bogus Trade Line, never should have been sent to collections.

9. Mrs. Singh and her husband sold her 2003 Dodge vehicle in June 2016, when her daughter moved out of their house.

10. On August 10, 2016, Mrs. Singh received a policy change letter that stated that her daughter was added to her Ford Fusion, since her daughter was a licensed driver in Mrs. Singh's household, and that the premiums had increased.

11. Mrs. Singh then contacted the Auto Club Group to rectify this matter.

12. On August 29, 2016, one of the representatives instructed Mrs. Singh to send a copy of her daughter's driver license showing the change of address, which she did.

13. On September 30, 2016, after speaking with a representative at the Auto Club Group and per the Auto Club Group's instructions, Mrs. Singh sent a letter stating that she has no contact with her daughter.

14. The representative said the letter would be sufficient to settle the issue with the increase in premium.

15. On October 1, 2016, Mrs. Singh cancelled her policy with the Auto Club Group and switched to another insurance provider.

16. In November 2016, she received another letter stating that she had an unpaid premium of $337.99.

17. In December 2016, Mrs. Singh spoke with a representative at the Auto Club Group, who stated that the outstanding balance stemmed from the 2003 Dodge vehicle not being taken off of the policy.

18. The representative asked Mrs. Singh to send him the title and letter of purchase from the Big 4 Junkyard, which she did.

19. However, during the period in which Mrs. Singh attempted to rectify the Auto Club Group account, the account was sent to collections.

20. In January 2017, Mrs. Singh received a collection letter from Transworld Systems.

21. From January to February 2017, Mrs. Singh spoke with "Mrs. Williams" at the Auto Club Group.

22. Mrs. Williams said it would take a little time to resolve this matter and she could not stop the collection efforts until the changes are made.

23. In February 2017, out of fear of the account negatively affecting her credit, Mrs. Singh paid the amount allegedly owed to Transworld Systems in full.

24. On March 14, 2017, Mrs. Singh received a refund check from the Auto Club Group in the amount of $67.16.

25. On May 20, 2017, Mrs. Singh obtained her credit file and noticed that Transworld Systems reported the Bogus Trade Line.

26. On June 23, 2017, Mrs. Singh obtained her credit file and noticed that Transworld Systems continued to report the Bogus Trade Line.

27. On or about July 27, 2017, Mrs. Singh submitted letters to Trans Union and Experian disputing the Bogus Trade Line, explaining the circumstances surrounding the Auto Club Group account and asking Trans Union and Experian to remove the Bogus Trade Line from her credit report.

28. Upon information and belief, Trans Union and Experian forwarded Mrs. Singh's consumer dispute to Transworld Systems.

29. On or about August 24, 2017, Mrs. Singh received Trans Union's investigation results which showed that the Bogus Trade Line was verified as accurate.

30. Mrs. Singh did not receive Experian's investigation results so on September 28, 2017, she obtained her credit report, which showed that Transworld Systems continued to report the Bogus Trade Line.

31. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANSWORLD SYSTEMS

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. After being informed by Trans Union and Experian of Mrs. Singh's consumer dispute to the Bogus Trade Line, Transworld Systems negligently failed to conduct a proper investigation of Mrs. Singh's dispute as required by 15 USC 1681s-2(b).

34. Transworld Systems negligently failed to review all relevant information available to it and provided by Trans Union and Experian in conducting its

reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union and Experian to remove the Bogus Trade Line from Mrs. Singh's credit file.

35. The Bogus Trade Line is inaccurate and creating a misleading impression on Mrs. Singh's consumer credit files with Trans Union and Experian to which it is reporting such trade line.

36. As a direct and proximate cause of Transworld Systems' negligent failure to perform its duties under the FCRA, Mrs. Singh has suffered damages, mental anguish, suffering, humiliation and embarrassment.

37. Transworld Systems is liable to Mrs. Singh by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

38. Mrs. Singh has a private right of action to assert claims against Transworld Systems arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Transworld Systems for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANSWORLD SYSTEMS

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by Trans Union and Experian that Mrs. Singh disputed the accuracy of the information it was providing, Transworld Systems willfully failed to conduct a proper reinvestigation of Mrs. Singh's dispute.

41. Transworld Systems willfully failed to review all relevant information available to it and provided by Trans Union and Experian as required by 15 USC 1681s-2(b).

42. As a direct and proximate cause of Transworld Systems' willful failure to perform its respective duties under the FCRA, Mrs. Singh has suffered damages, mental anguish, suffering, humiliation and embarrassment.

43. Transworld Systems is liable to Mrs. Singh for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Transworld Systems for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

44. Plaintiff realleges the above paragraphs as if recited verbatim.

45. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Singh as that term is defined in 15 USC 1681a.

46. Such reports contained information about Mrs. Singh that was false, misleading and inaccurate.

47. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Singh, in violation of 15 USC 1681e(b).

48. After receiving Mrs. Singh's consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

49. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mrs. Singh has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

50. Trans Union is liable to Mrs. Singh by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Singh as that term is defined in 15 USC 1681a.

53. Such reports contained information about Mrs. Singh that was false, misleading and inaccurate.

54. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Singh, in violation of 15 USC 1681e(b).

55. After receiving Mrs. Singh's consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

56. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mrs. Singh has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

57. Trans Union is liable to Mrs. Singh by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

58. Plaintiff realleges the above paragraphs as if recited verbatim.

59. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Singh as that term is defined in 15 USC 1681a.

60. Such reports contained information about Mrs. Singh that was false, misleading and inaccurate.

61. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Singh, in violation of 15 USC 1681e(b).

62. After receiving Mrs. Singh's consumer dispute to the Bogus Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

63. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Singh has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

64. Experian is liable to Mrs. Singh by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

65. Plaintiff realleges the above paragraphs as if recited verbatim.

66. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Singh as that term is defined in 15 USC 1681a.

67. Such reports contained information about Mrs. Singh that was false, misleading and inaccurate.

68. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Singh, in violation of 15 USC 1681e(b).

69. After receiving Mrs. Singh's consumer dispute to the Bogus Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

70. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. Singh has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

71. Experian is liable to Mrs. Singh by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

November 14, 2017        /s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
CARL SCHWARTZ P70335
CREDIT REPAIR LAWYERS
OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com